By the Court—Bosworth, Ch. J.
The plaintiff moved, on the first of August, 1860, to open an order, taken on the first Monday of June, 1860, by default, affirming the judgment as to the defendant Kimball, and also to vacate an order of the 16th of June denying a motion theretofore made to vacate said order of affirmance.
On a trial of this action before Mr. Justice Slossoh, without a jury, the plaintiff’s complaint was dismissed, with costs, on the 5th of April, 1858. The judgment was settled on the 10th of April; the costs of defendant Kimball were taxed on the 22d; and a copy of the judgment, as settled, and notice of the entry of it, were served on the plaintiff’s attorney on the 27 th of May, 1858. On the 1st of June, 1858, the plaintiff filed exceptions to the decision of the Court, and on the same day appealed from the judgment to the General Term.
On the 24th of January, 1859, he served a Case, and the defendant Kimball served amendments thereto on the 9th of September following. The term of office of the Judge who tried the cause expired on the 31st of December, 1859, and no notice of settling the Case was served in the meantime.
The attorney of the defendant Kimball noticed the appeal for argument for the first Monday of June, 1860, and no one appearing, to oppose, took an order by default affirming the judgment as to the defendant Kimball.
The plaintiff, prior thereto, had moved for and obtained an order for the settlement of the "Case as to the defendant Cornish alone.
He moved to vacate the order of affirmance of the first Monday of June, and an order denying that motion made on the 16th of June. He now (August 1st, 1860,) moves to vacate the order *692 of the 16th of June, and for leave to renew the motion to vacate the order of affirmance, and for leave to have the Case and amendments, served by defendant Kimball, settled, and for other relief.
It is not denied that the Case, as to the defendant Kimball, became settled by the plaintiff’s failure to notice the amendments served by Kimball for settlement, within the time required by the practice of the Courts.
It is not denied that, as early as in April, or thereabouts, the plaintiff’s attorney was advised that the attorney of defendant Kimball insisted the Case was settled, as to the latter, by lapse of time.
However much he may have been previously misled by a misunderstanding of the supposed verbal arrangement between himself and Kimball’s attorney, it was his duty to have then moved promptly for relief.
Although he subsequently served notice on Cornish’s attorney of a motion to have the Case settled as to Cornish, he served no such notice on Kimball’s attorney.
When he obtained the order for a settlement of the Case as to Cornish, Kimball’s attorney had noticed the appeal for argument; and yet the plaintiff’s attorney paid no attention to it; did not appear to obtain a postponement, or to object to a default being taken; nor move for a settlement of the Case as to the defendant Kimball.
There is no doubt as to the regularity of the proceedings on the part of Kimball.
There is no excuse attempted for the delay subsequent to the time, when the plaintiff’s attorney knew that Kimball’s attorney insisted that the case had become settled by reason of omitting to notice the amendments for settlement.
The matters stated by way of excuse for the previous delay, and for not noticing the amendments for settlement within the time prescribed by the rules, are denied by the attorney of Kimball.
The alleged verbal arrangement, even if made, would be of no validity. And although we might interfere to prevent an attorney from being overreached by the bad faith of an adversary attorney, on whose verbal engagements he had relied; yet in the *693 present case, we have no evidence of any bad faith towards the plaintiff ’s attorney.
The alleged negotiations for a settlement which are, in part relied upon to excuse the delay, cannot be accepted as an excuse ; as they are sworn to have been terminated in March, 1860, by a refusal by Kimball to accede to the proposition made. The months of April and May elapsed between their termination, and the entry of the order of affirmance, now sought to be vacated.
We are now asked to vacate an affirmance of the judgment, and an order denying a motion heretofore made to open it; in order that a motion may be made to settle the case; and that after it is settled, the appeal may be heard.
To grant such a motion, would in effect allow a party to have a case settled more than two years after trial had and judgment perfected, and over eight months after the case had become settled under the rules of Court; and this privilege would be granted mainly in order to review the decisions of the Judge on questions of fact.
If granted upon such a case as is made by the papers before us, and if the decision were to be regarded as a precedent proper to be followed, it would be difficult to deny similar relief in almost any case of mere negligence, where the party was advised that errors had been committed at the trial or in the final decision.
We think the case is one in which we are not at liberty to interfere; that the laches have been so great, and long-continued, and are so imperfectly excused, that the motion must be denied.
Motion denied, with $10 costs.